UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO SOTO,<br><br>         Plaintiff,<br><br>    v.<br><br>JACK GARNER, et al.,<br><br>         Defendants. | No. 2:15-cv-0780-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He seeks leave to proceed in forma pauperis.

I. **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.  Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed. The complaint concerns an August 23, 2013 hearing as to plaintiff's parole suitability and the decision of the Board of Parole Hearings to deny parole and defer plaintiff's next hearing for ten years pursuant to Proposition 9, also known as Marsy's Law. Plaintiff claims

that the Board relied on the mental evaluation of Dr. Black, who found that plaintiff "represents a moderate high elevated risk of violence." According to plaintiff, Dr. Black's evaluation relied on "junk science" and ignored relevant facts. *Id.* Plaintiff also alleges that two of the Board's commissioners were biased because they ignored evidence that would have favored a finding that plaintiff was suitable for parole. As relief, plaintiff requests an order requiring the California Department of Corrections and Rehabilitation to conduct unbiased hearings and to perform mental evaluations "without an agenda." He also seeks a declaration finding that multi-year gaps in parole suitable hearings violates the ex post facto clause of the Eighth Amendment and an order granting him annual parole suitability hearings.

To the extent that plaintiff is claiming that the 2013 denial of parole amounted to a violation of his right to due process, his claim is barred. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff's challenge to the denial of parole is *Heck*-barred because he is unable to show that the denial has been reversed or invalidated. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole").

Plaintiff also fails to state a cognizable claim under the Fourteenth Amendment. Federal review of a parole denial is limited to the narrow question of whether an inmate has received "fair procedures." *Swarthout v. Cooke*, __ U.S. __, 131 S.Ct. 859, 862 (2011). Under that standard, a federal court may only review whether an inmate has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 862-63 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to

3

1  the reasons why parole was denied"). Thus, this court may not evaluate the merits of the Board's
2  decision. Here, plaintiff does not allege that he was not afforded constitutionally adequate
3  process as defined in *Swarthout*—that is, that he was denied a meaningful opportunity to be heard
4  or a statement of reasons why the Board denied him parole. Rather, plaintiff's allegations reveal
5  that he was given the opportunity to be heard at his 2013 parole suitability hearing and received a
6  statement of the reasons why parole was denied. *See generally* ECF No. 1 (discussing portions of
7  plaintiff's own testimony during the hearing and the reasons given by the Board for their denial of
8  parole). This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Plaintiff's
9  contention that the hearing was deficient for other reasons does not provide a basis for relief. As
10 plaintiff received all the process that he was due, he is not entitled to relief on his claim.

11         In addition, the defendant parole board officials are entitled to absolute quasi-judicial
12 immunity for decisions to "grant, deny, or revoke parole," which are "functionally comparable to
13 tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal
14 quotation marks omitted); *id.* at 1191 ("[A]n official who adjudicates parole decisions is entitled
15 to quasi-judicial immunity for those decisions, and actions integral to those decisions.").
16 Therefore, plaintiff cannot proceed with claims against defendant commissioners Garner and
17 Moore stemming from their decision to deny him parole. *See Sellars v. Procunier*, 641 F.2d
18 1295, 1303 (9th Cir. 1981) ("The adjudicatory process simply could not work if the adjudicator
19 had to anticipate a possible lawsuit from every dissatisfied litigant.").

20         Additionally, plaintiff may not bring an individual suit seeking equitable relief within the
21 same subject matter of the class action in *Gilman v. Davis*, No. Civ. S-05-830-LKK-GGH.
22 *Gilman* is a class action challenging Proposition 9 as violating the Ex Post Facto Clause. The
23 class in *Gilman* is comprised of California state prisoners who: (i) have been sentenced to a term
24 that includes life for an offense that occurred before November 4, 2008; (ii) are serving sentences
25 that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole
26 on one or more occasions. *Gilman v. Davis*, No. Civ. S-05-830-LKK-GGH, 2009 U.S. Dist.
27 LEXIS 21614 (E.D. Cal. Mar. 4, 2009), *aff'd* 2010 U.S. App. LEXIS 11319 (9th Cir. June 3,
28 2010); *Gilman*, 2011 U.S. Dist. LEXIS 105363 (E.D. Cal. Apr. 22, 2011) (order amending

1  definition of certified class). The *Gilman* plaintiffs seek declaratory and injunctive relief to cure
2  the alleged violations. *Gilman*, 2009 U.S. Dist. LEXIS 21614, at *7.

3        A plaintiff who is a member of a class action for equitable relief from prison conditions
4  may not maintain a separate, individual suit for equitable relief involving the same subject matter
5  of the class action. *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979); *see also McNeil*
6  *v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable
7  relief from alleged unconstitutional prison conditions cannot be brought where there is an existing
8  class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To
9  allow individual suits would interfere with the orderly administration of the class action and risk
10 inconsistent adjudications.").

11       Accepting plaintiff's allegations as true, he is a member of the *Gilman* class and his
12 complaint involves the same subject matter as the class action. As a member of the *Gilman* class,
13 plaintiff must bring any "[c]laims for equitable relief . . . through the class representative until the
14 class action is over or the consent decree is modified." *McNeil*, 945 F.2d at 1166; *Frost v.*
15 *Symington*, 197 F.3d 348, 359 (9th Cir. 1999) (inmate must bring equitable claims related to class
16 action through class counsel); *Crawford*, 599 F.2d at 892-93. *See also Rodgers v. Swarthout*, No.
17 Civ. S. 10-0581 JAM GGH P, 2010 U.S. Dist. LEXIS 87013 (E.D. Cal. Aug 24, 2010) (striking
18 petitioner's claims regarding Marsy's Law and parole eligibility, without prejudice to resolution
19 in the *Gilman* class action).

20       The deficiencies in plaintiff's complaint cannot be cured by further amendment.
21 Therefore, amendment would be futile and the complaint will be dismissed without leave to
22 amend. *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se
23 complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of
24 the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v.*
25 *United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend
26 even if no request to amend the pleading was made, unless it determines that the pleading could
27 not be cured by the allegation of other facts.").
28 /////

### IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

DATED: July 2, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE